# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **EDWARD OWUSU,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **4:11-cv-03570-JEO** |
| **ERIC HOLDER,** *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## **MEMORANDUM OPINION**

The petitioner,[1] presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the Etowah County Detention Center in Gadsden, Alabama, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  The Board of Immigration Appeals has ordered the petitioner removed to Ghana, and he is challenging his detention at the center beyond the removal period pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). After preliminary review, the magistrate judge assigned this case issued a Report and Recommendation, finding that the petitioner's continued detention is lawful because the petitioner failed to present the requisite evidence indicating that the government of Ghana has or will refuse to issue his travel documents.  (Doc. 5 at

---

[1] During removal proceedings, ICE learned that the petitioner's name is Alex Sampong Buabeng and that he had used his brother's name, Edward Owusu, and his brother's passport throughout the immigration proceedings.

5). The magistrate judge observed that the petitioner's detention has been lengthened by the petitioner's production of false information and documentation about his identity and that the Assistant Field Office Director for the Department of Homeland Security, Gerald Smith, testified that, now that ICE is aware of the petitioner's true identity, he believed that ICE would secure a travel document for the petitioner from the government of Ghana in the reasonably foreseeable future. (*Id*. at 3, 5)

The petitioner filed a timely objection to the Report and Recommendation, asserting that his "fellow Ghanaians have been released, due to the fact that ICE could not secure their travel documents from the Consultate." (Doc. 7 at 2). He further asserts that this fact "calls to question why mine should be different from others." (*Id*.)  However, as noted in the magistrate judge's Report and Recommendation, the petitioner's situation is different from others because it was not until September 19, 2011, that the petitioner admitted that he had provided a false name and passport.  Therefore, it was not until September 21, 2011, that ICE requested the petitioner's travel documents in his actual name. (Doc. 5 at 3). In *Zadvydas*, the Supreme Court advised that "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." 533 U.S. at 699.  Here, this court cannot find that the period of petitioner's detention has been unreasonable in light of the petitioner's lack of compliance

during the deportation proceedings, and the government's apparent good faith efforts to facilitate the removal.  As noted by the magistrate judge, the petitioner remains free to file another § 2241 petition should he believe, in light of any changed circumstances or new evidence, that his removal is not likely in the reasonably foreseeable future.  (Doc. 5 at 5).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the petitioner's objection, the court is of the opinion that the magistrate judge's report is due to be adopted and approved.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice.  An appropriate order will be entered.

**DONE**, the 27th day of December, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE